# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ROADGET BUSINESS PTE. LTD., | |
| Plaintiff, | Case No.: 1:24-cv-04647 |
| vs. | |
| THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A TO THE COMPLAINT, | **Judge Elaine L. Bucklo** |
| Defendants. | |

## PLAINTIFF'S MOTION TO CONSOLIDATE DISCOVERY

Following this Court's severance of the cases of other defendants from this case on May 30, 2024[1], there are now four cases pending before this Court involving allegations of copyright infringement by Plaintiff Roadget Business PTE LTD ("Roadget") against Defendants who are all represented by the same counsel.[2] This Court recently ordered the Parties to submit a joint status report for each case.[3] In these reports, Roadget proposes a consolidated discovery effort among these cases to avoid wasting the Parties' and the Court's resources with duplicative fact discovery. Defendants reject Roadget's proposal despite stating in the joint status report that they "ha[ve] no objection to coordinating some aspects of pretrial proceedings, such as joint briefs and motions where it is practical to do so, and the issues overlap." Dkt. 13 at 2 [Joint Initial Status Report]. Defendants characterize Roadget's proposal as an attempt to "litigate [these] case[s] as if [they] had never been severed." *Id*. Not so. The cases remain severed: they exist in

---

[1] Case No. 24-cv-00115, Dkt. 83.
[2] This case, and case Nos. 24-cv-00115, 24-cv-04648, 24-cv-04652 are pending before this Court.
[3] Dkt. 13; Dkt. 95 (24-cv-00115); Dkt. 13 (24-cv-04648); Dkt. 13 (24-cv-04652).

separate dockets and will be tried separately absent further order, and when all claims in any one of the cases are resolved, final judgment will be entered in that case even as claims in other cases may move forward. That said, Roadget's proposal to consolidate fact discovery in these cases, where discovery issues will overlap, will minimize judicial review of common issues, streamline discovery across all cases, and promote efficient judicial administration. Accordingly, discovery for these cases should be consolidated.

## **LEGAL STANDARD**

The Court has "extremely broad discretion in controlling discovery." *Jones v. City of Elkhart*, 737 F.3d 1107, 1115 (7th Cir. 2013); *see also Cent. States, Se. & Sw. Areas Pension Fund v. Waste Mgmt. of Mich., Inc.*, 674 F.3d 630, 636 (7th Cir. 2012). "In exercising its discretion, the district court should keep in mind that even if joinder is not permitted under Rule 20, the district court has considerable discretion to consolidate cases for discovery and for trial under Rule 42 where venue is proper and there is only 'a common question of law or fact'." *In re EMC Corp.*, 677 F.3d 1351, 1360 (Fed. Cir. 2012); *Robbins v. Pepsi–Cola Metro. Bottling Co.*, No. 84 C 170, 1985 WL 5130, at *3 n.4 (N.D. Ill. Dec. 26, 1985) ("Rule 42(a) allows consolidation of trial or pretrial proceedings, or both."). When determining whether consolidation is appropriate, the Court may consider "1) common questions of law or fact; 2) convenience and judicial economy; 3) delay; and 4) undue prejudice to any party." *Estrada v. Aerovias de Mexico, S.A. de C.V.*, No. 18 C 5526, 2023 WL 8787794 at *2 (N.D. Ill. Dec. 19, 2023). "For consolidation to be appropriate, the claims do not need to 'neatly overlap,' and the issues of fact or law do not need to be identical." *Rongere v. City of Rockford*, No. 19 C 50133, 2022 WL 2355908 at *1 (N.D. Ill. Jan. 7, 2022) (citing *Brunner v. Jimmy John's, LLC*, No. 14 C 5509, 2016 WL 7232560, at *2 (N.D. Ill. Jan. 14, 2016)); *Garner v. Country Club Hills*, No. 11 C 5164, 2012 WL 1900020 at *3 (N.D. Ill. May 23, 2012) (partially granting defendants' motion

to consolidate for the purposes of discovery pursuant to Rule 42(a) because of a "strong commonality between the cases").

> I. **Consolidation for Pretrial Proceedings Will Avoid Duplicative Discovery, Preserve Judicial Economy, and Prevent Delay.**

Common questions of fact will predominate in discovery in all four cases. In each case, Roadget asserts infringement of one of its registered copyrights against a foreign Defendant that obscured its identity on third-party Temu's online website. Roadget asserts that each Defendant "deliberately and unlawfully copied, manufactured, displayed, reproduced, created derivative works of, adapted, marketed, sold, and/or distributed the Roadget Copyrights in violation of Roadget's copyrights." Dkt. 2 ¶ 20. Consequently, many of Roadget's interrogatories and requests for production to Defendants and third parties will likely be the same. Roadget also anticipates nearly identical discovery requests from the Defendants. The testimony of any witnesses from Roadget or third parties is likely to be applicable to all four cases, and it would be unduly burdensome on these witnesses to make them sit for four separate depositions. Consolidating discovery would avoid voluminous duplicative discovery, and the delay it would cause across all four cases. *See, e.g.*, *Apostolou v. Geldermann, Inc.*, 919 F. Supp. 289, 292–93 (N.D. Ill. 1996) (finding that "a coordinated discovery plan for all cases would be in the interests of the parties and their attorneys" where there was "a significant degree of factual overlap . . . between the cases"). Coordination is particularly valuable in this case, as it is likely that the parties will need to depose many individuals located overseas, which would most likely entail holding the depositions outside of the United States and arranging for interpreters. Minimizing the number of such depositions and coordinating the timing of such depositions will help "secure the just, speedy, and inexpensive determination" of each action. Fed. R. Civ. Proc. 1.

**II.  Consolidation Will Not Prejudice Any of the Defendants.**

Consolidating discovery will not prejudice any of the Defendants, who are all represented by the same counsel. *Magnavox Co. v. APF Elecs.*, Inc., 496 F. Supp. 29, 33 (N.D. Ill. 1980) (finding "no indication that any defendant will be prejudiced by pretrial consolidation" and "pretrial consolidation will prevent duplicative efforts by the Court and counsel" where the same documents would be solicited from the parties and the same persons would be deposed). Consolidated pretrial proceedings will not undercut the Court's decision to sever these cases, and their individual identities will remain unchanged. *Cannon v. Armstrong Containers Inc.*, 92 F.4th 688, 710 (7th Cir. 2024) ("Even among tightly coordinated cases, separate cases brought together for pretrial proceedings 'retain their separate identities." (internal quotation marks omitted)). It is not uncommon for cases to be severed and reconsolidated for discovery purposes. *See, e.g.*, *Oasis Rsch., LLC v. Carbonite, Inc.,* No. 4:10-CV-435, 2012 WL 3544881, at *7 (E.D. Tex. Aug. 15, 2012) (severing Defendants and consolidating the cases for pretrial proceedings only); *Infinity Computer Prods., Inc. v. Brother Int'l Corp.*, 909 F. Supp. 2d 415, 420 (E.D. Pa 2012) (noting, in order granting severance, that the court would "consider consolidating these actions for common discovery, in order to permit efficient case management"). Consolidation will simply allow the Parties to allocate their resources effectively, which will assist the Court in managing each case efficiently.

**III.  The Parties Are Already Treating These Severed Cases in a Coordinated Effort, and Defendants Have Previously Said They Do Not Oppose Coordination.**

Consolidation would give effect to the way the Parties are already managing these cases. Given the overlap among the cases, the parties have prepared substantively identical discovery plans. Defendants also routinely attach identical declarations, seller data, and other supporting documents to their pleadings, which shows the substantial factual overlap and *de facto*

consolidation among them. *Compare, for example, Roadget Bus. Pte. Ltd. v. Individuals, Corps., Ltd. Liab. Cos., P'ships, & Unincorporated Ass'ns Identified on Schedule A Hereto*, No. 24-cv-00115, Dkts. 31-11 and 31-14 (Feb. 7, 2024). Notably, all of Defendants' filings across all cases since the Court's severance are nearly identical. This is not surprising because in a similar case before this court, defense counsel said that they "do not oppose coordinating these actions for pretrial purposes such as discovery and dispositive motions; and, of course, they would prefer to file joint briefs where it is practical to do so (presumably the Court and Plaintiff would prefer joint briefing on overlapping issues as well)." *Roadget Bus. Pte. Ltd. v. Individuals, Corps., Ltd. Liab. Cos., P'ships, & Unincorporated Ass'ns Identified on Schedule A Hereto*, No. 23-cv-17036, Dkt. 79 at 14 (Apr. 5, 2024). Nevertheless, Defendants offer no explanation for now opposing consolidated discovery other than that the cases have been severed—which *EMC* makes clear is not a sufficient reason to reject consolidation, *In re EMC Corp.*, 677 F.3d at 1360, and Roadget is unaware of any reason disfavoring such consolidation other than a potential desire to burden Roadget and the Court with duplicative discovery for and from each Defendant. This court should give effect to the coordinated fashion in which the Parties are already approaching these cases and grant Roadget's request for consolidation.

## **CONCLUSION**

For the reasons stated herein, Roadget respectfully asks the Court to consolidate discovery in the four pending cases against Defendants.

Dated: July 19, 2024　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　By: */s/ Steven J. Horowitz*
　　　　　　　　　　　　　　　　　　　　Steven J. Horowitz
　　　　　　　　　　　　　　　　　　　　Matthew D. Binder
　　　　　　　　　　　　　　　　　　　　Deepa A. Chari
　　　　　　　　　　　　　　　　　　　　Taylor J. Wilson
　　　　　　　　　　　　　　　　　　　　Michael C. Springer-Ingram
　　　　　　　　　　　　　　　　　　　**SIDLEY AUSTIN LLP**
　　　　　　　　　　　　　　　　　　　One South Dearborn Street
　　　　　　　　　　　　　　　　　　　Chicago, IL 60603
　　　　　　　　　　　　　　　　　　　(312) 853-7000
　　　　　　　　　　　　　　　　　　　shorowitz@sidley.com
　　　　　　　　　　　　　　　　　　　mbinder@sidley.com
　　　　　　　　　　　　　　　　　　　dchari@sidley.com
　　　　　　　　　　　　　　　　　　　taylor.wilson@sidley.com
　　　　　　　　　　　　　　　　　　　mspringeringram@sidley.com

　　　　　　　　　　　　　　　　　　　*Counsel for Plaintiff*
　　　　　　　　　　　　　　　　　　　*Roadget Business Pte. Ltd*